## WETZEL v. WEBB.

### No. 18,115; August 16, 1893.

#### 33 Pac. 1105.

**Mortgaged Chattels—Conversion—Action by Mortgagee.**—In an action by a chattel mortgagee of growing crops, for conversion thereof, the defense being a justification as purchaser thereof, a finding that at the time of giving the mortgage the mortgagor was the owner and in possession of the crop authorized a judgment for plaintiff.

APPEAL from Superior Court, Siskiyou County; J. S. Beard, Judge.

Action by Alois Wetzel against C. C. Webb for conversion of grain. Judgment for plaintiff. Defendant appeals. Affirmed.

Warren & Taylor and T. M. Osmont for appellant; James Farraher for respondent.

GAROUTTE, J.—Respondent held a chattel mortgage upon a growing crop of grain situate upon the land of one Jones. At a time when said grain was in the stack upon the land, preparatory to threshing, appellant Webb took possession of the same, and, on threshing it, converted it to his own use. This action was brought in the nature of conversion, to recover damages in the amount of respondent's lien. Judgment was so awarded and an appeal from that judgment is now before us.

The demurrer was properly overruled. All the facts constituting the cause of action were set out in the complaint, and that is the proper procedure, as declared by the code. Appellant justified his acts by setting up title to the growing crop under an oral agreement that it should be his, to be applied to the payment of certain interest due from said Jones to him on the purchase price of the land upon which the crop was grown. The question of the title to the grain is the only matter involved in the litigation, and its determination necessarily points the judgment. Among the matters of fact found

by the court is the following: "That at the time of the execution of said note and mortgage to plaintiff by the said James T. Jones, and thereafter, and at the time the advances were so made, as alleged in the complaint, by defendant, and under the terms of said mortgage, the said James T. Jones was the owner of, and in possession of, all said grain crop." This finding has ample support in the evidence, and demands that judgment should go in favor of respondent. It is insisted that certain other findings of fact made by the court are not supported by the evidence. Conceding such contention to be true, the validity of the judgment is not affected, for those findings passed upon collateral matters. Especially is this so in view of the finding that the grain was the property of the mortgagor at the time the mortgage was executed. For the foregoing reasons, let the judgment and order be affirmed.

We concur: Harrison, J.; Beatty, C. J.